OPINION
{¶ 1} Defendant-appellant Shane Thompson appeals from his conviction and sentence on one charge of Domestic Violence, in violation of R.C. 2919.25, and one charge of Underage Consumption of Alcohol, in violation of R.C. 4301.632. The trial court, following Thompson's no-contest plea, found him guilty of both charges, and imposed sentences of 180 days on each conviction, to be served consecutively. Thompson contends that his sentence is contrary to law, and constitutes an abuse of discretion, in view of the fact that the trial court imposed the maximum sentences on each conviction, and made them consecutive.
 {¶ 2} Although not assigned as error, we notice that R.C. 4301.632
was repealed, effective October 11, 2002, before the offense upon which Thompson's conviction under this statute is predicated. We conclude that this is plain error, and we reverse and vacate that conviction and sentence.
 {¶ 3} Thompson's argument concerning his consecutive sentences thereby becomes moot. We conclude that Thompson's maximum sentence for Domestic Violence is neither contrary to law, nor an abuse of discretion. Accordingly, his conviction and sentence for Domestic Violence is affirmed.
 I {¶ 4} Complicating this appeal is the fact that although the sentencing hearing in this case was tape-recorded, it apparently was recorded over, so that no transcript can be made of the sentencing hearing.
 {¶ 5} On December 31, 2002, Thompson was charged by complaint with Domestic Violence, in violation of R.C. 2919.25, a first degree misdemeanor, and with attempting to purchase or consume beer or intoxicating liquor, in violation of R.C. 4301.632. We cannot determine from the record when these offenses are alleged to have occurred, but it seems reasonable to suppose that they must have been alleged to have occurred not long before December 31, 2002, when the charges were filed.
 {¶ 6} Thompson pled no contest to both charges, and was found guilty of both charges. There is in the record a victim impact statement pertaining to the Domestic Violence charge. The victim is the mother of Thompson's son. There is also in the record a police report concerning the Domestic Violence offense.
 {¶ 7} Following a sentencing hearing, the trial court sentenced Thompson to 180 days for each offense, to be served consecutively. From his conviction and sentence, Thompson appeals.
 II {¶ 8} Thompson assigns two errors, as follows:
 {¶ 9} "The Trial Court Abused Its Discretion By Sentencing Defendant To The Longest Sentence Possible For Each Of His Offenses.
 {¶ 10} "The Trial Court Abused Its Discretion By Making Defendant's Sentences Consecutive."
 {¶ 11} One of Thompson's convictions was for violating R.C.4301.632. Because the complaint was filed December 31, 2002, it is reasonable to assume that the alleged offense must have occurred within a matter of days before that date, if not on that date, although there is nothing we have been able to find in the record identifying the date of this alleged offense.
 {¶ 12} Although Thompson does not assign it as error, this court notes that R.C. 4301.632 was repealed, effective October 11, 2002. Therefore, we find plain error in the trial court's having convicted Thompson of an offense under that statute. Accordingly, his conviction and sentence for violating R.C. 4301.632 is reversed and vacated.
 {¶ 13} Because we are reversing and vacating Thompson's conviction and sentence for violating R.C. 4301.632, his Second Assignment of Error is rendered moot, because there are no longer two sentences to be served consecutively.
 {¶ 14} With respect to Thompson's First Assignment of Error, we agree with the State that R.C. 2929.22, which governs the imposition of sentence in misdemeanor cases, expressly indicates that the factors specified therein are to be considered, but "do not control the court's discretion." R.C. 2929.22(B)(1)(c). Based upon our review of the police report and the written victim's impact statement, we find no abuse of discretion in the trial court's decision to impose the maximum sentence of 180 days for Thompson's conviction for Domestic Violence. In the victim's impact statement, for example, the victim indicates her fear that Thompson will seriously hurt her one day, and refers to his having physically hurt her in the past. The police report, while somewhat confusing, refers to at least two instances in which Thompson pushed the victim down, causing her to hit her head on a door, and on a wall. The trial court could reasonably conclude that these were serious acts of violence, that the victim is in reasonable fear for her safety, and that the events comprising this particular offense are part of a larger pattern of violence directed against the victim when Thompson has been drinking. Under these circumstances, imposition of the maximum sentence was not an abuse of discretion.
 {¶ 15} Thompson's First Assignment of Error is overruled, and his Second Assignment of Error is overruled as moot.
 III {¶ 16} In view of the plain error noticed by this court, Thompson's conviction and sentence for violating R.C. 4301.632 is reversed and vacated. Because Thompson's First Assignment of Error is overruled, his conviction and sentence for violating R.C. 2929.25(A) is affirmed.
WOLFF and GRADY, JJ., concur.